```
LAW OFFICES OF DEBORAH J. PIMENTEL
Deborah J. Pimentel
Attorney at Law
CA SBN 115182
100 Park Place, Suite 200
San Ramon, CA  94583
925 705 8045 (ofc)
510 917 2325 (cell)
888 449 2585 (fax)

Attorney for Plaintiffs
```

**FILED**

E-filing

JUL - 6 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANILE C. ACIDERA and LEONARDA ACIDERA, <br><br> Plaintiffs, <br><br> vs. <br><br> SCME MORTGAGE BANKERS, INC., GMAC, INC., COUNTRYWIDE BANK (now BANK OF AMERICA, INC.),  HOMECOMINGS FINANCIAL, GMAC, INC., DOES 1 – 10, DOE CORPORATIONS 1 – 10, Inclusive, <br><br> Defendants. | Case No.: C09-03006 EMC ADR <br><br> COMPLAINT FOR RESCISSION, RECOUPMENT, BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, UDAP, DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES <br><br> JURY TRIAL IS DEMANDED |

Plaintiffs by and through his attorney brings this action seeking rescission, declaratory and injunctive relief and damages for violations of the Truth in Lending Act 15 U.S.C. § 1601, *et seq.*, (hereinafter TILA), Federal Reserve Board Regulation Z, 12 C.F.R. § 226; predatory lending, unconscionability, improvident lending, fraud, unfair and deceptive practices in connection with a home refinance loan, breach of contract and violations of the duties of good faith and fair dealing.

**JURISDICTION AND VENUE**

1. The jurisdiction of this court for the First Cause of Action is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

/ / / / /

Acidera v. SCME Mortgage Bankers, et al.
Plaintiff's Complaint for Rescission, Declaratory and Injunctive Relief, Damages

1

2. Venue lies in this district pursuant to the provisions of 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965(a) in that defendants have transacted business of a substantial and continuous character in this District, defendants are subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## PARTIES

3. Plaintiffs are individuals who reside in Fremont, California. At all times herein plaintiff Daniel C. Acidera was employed by the US Postal Service and plaintiff Leonarda Acidera was employed first as an assembly line worker and later as an unskilled caregiver, with a combined total annual income of $68,000.

4. Defendant Doe One is an individual and was a mortgage broker and agent and at all times mentioned herein was an agent acting on behalf of SCME Mortgage Bankers, Inc. (hereinafter SCME).

5. Defendant SCME is or was a California corporation licensed to do business in California with offices located at 6265 Greenwich Drive, San Diego, Suite 200, California. Defendant SCME is the loan originator (broker) and original beneficiary of the mortgage loans which are the subject of this action.

6. Defendant Countrywide Bank (hereinafter Countrywide) is or was a North Carolina corporation licensed to do business in California with offices located at 450 American Street, Simi Valley, CA 93065. Countrywide is engaged in the business of servicing mortgage loans and is believed to be an assignor and successor in interest to SCME of the first mortgage, which mortgage was then transferred and assigned to GMAC.

7. Defendant GMAC is or was a Utah corporation, licensed to do business in California, with offices located at 6985 Union Park Center, Suite 435, Midvale, Utah. GMAC is in the business of servicing mortgage loans and is believed to be an assignor and successor in interest to Countrywide.

8. At all times relevant hereto, Countrywide has regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments. Countrywide is a creditor within the meaning of the TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

/ / / / /

Acidera v. SCME Mortgage Bankers, et al.
Plaintiff's Complaint for Rescission, Declaratory and Injunctive Relief, Damages

2

9. At all times relevant hereto, GMAC has regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments. GMAC is a creditor within the meaning of the TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

10. GMAC has been named as defendant because it held assignment of the first mortgage alleged herein by virtue of assignment from SCME. To the extent that GMAC held such an assignment it was an assignee subject to the plaintiffs' Truth in Lending rescission claims by virtue of 15 U.S.C. § 1641 (c).

11. COUNTRYWIDE has been named as defendant because it claims to hold an assignment of the first mortgage alleged herein by virtue of assignment document executed some time July 18, 2008. To the extent that COUNTRYWIDE holds such an assignment it is an assignee subject to the plaintiffs' Truth-in Lending rescission claims by virtue of 15 U.S.C. § 1641 (c).

12. Defendant HOMECOMINGS FINANCIAL (a GMAC corporation) (hereinafter HOMECOMINGS) is or was Pennsylvania corporation licensed to do business in California with offices located in Waterloo, Iowa. HOMECOMINGS is engaged in the business of servicing mortgage loans and is believed to be an assignor and successor in interest to SCME of the second mortgage. To the extent that HOMECOMINGS holds such an assignment it is an assignee subject to the plaintiffs' Truth-in Lending rescission claims by virtue of 15 U.S.C. § 1641(c).

13. GMAC has been named as defendant because it claims to hold an assignment of the second mortgage by virtue of an assignment document executed on or about June 10, 2009. To the extent that GMAC holds such an assignment it is an assignee subject to the plaintiffs' Truth-in Lending rescission claims by virtue of 15 U.S.C. § 1641(c).

14. Defendant TICOR Title Company is or was a California corporation licensed to do business in California with offices located at 3340 Walnut Avenue, Fremont, California. TICOR is in the business of providing title services in the mortgage industry.

/ / / / /

/ / / / /

/ / / / /

Acidera v. SCME Mortgage Bankers, et al.
Plaintiff's Complaint for Rescission, Declaratory and Injunctive Relief, Damages

3

**FACTS RELATING TO PLAINTIFF AND THE TRANSACTION**

12. In or about June 2006, Defendant DOE ONE approached Plaintiffs with an offer to refinance their current home loans with a more attractive, economically sound loan. Defendant DOE ONE told Plaintiffs that the new mortgage would consist of one loan that would not be an adjustable rate mortgage and would not have negative amortization, but would be a fixed rate loan for a term of thirty years. Defendant DOE ONE further assured Plaintiffs that the payments would include taxes and insurance. Additionally defendant DOE ONE assured Plaintiffs that after one year they could refinance again into an even better loan.

13. Plaintiffs agreed to allow Defendant DOE ONE to secure the financing at the lowest fixed rate obtainable. The plaintiffs stated to defendant DOE ONE that they wished to lower their high monthly payments. Shortly thereafter, Defendant DOE ONE requested, and Plaintiffs provided, information and documents, including but not limited to income tax returns, for a loan application to refinance the existing mortgages, which then had a total balance due of approximately $500,000 and monthly payments of approximately $3,300.

14. On or about June 29, 2006, the loan documents were prepared by Defendants DOE ONE and SCME. Plaintiffs executed the loan documents on or about July 6, 2009.

15. The new financing consisted of a first and a second mortgage. The total interest-only monthly payment of the two new loans was $3,200.

16. The first loan was in fact an interest-only, negative amortization, adjustable rate mortgage with a principle amount of $540,000 with no cash out or other benefit to the Plaintiffs. The total amount required to pay off the loan over the 30 year amortization period was $1,502.285.40.

17. No one told Plaintiffs that the "minimum payment" would not fully amortize the loan or that the required monthly payment would increase to more than twice the initial amount within approximately four years.

18. No one told Plaintiffs that the first and second loans both carried a 36-month prepayment penalty.

/ / / / /

/ / / / /

Acidera v. SCME Mortgage Bankers, et al.
Plaintiff's Complaint for Rescission, Declaratory and Injunctive Relief, Damages

4

19. No one told Plaintiffs that they had a right to rescind the transaction within three business days of the date of the transaction. Upon later inspection of the closing documents, Plaintiffs discovered four blank Notices of Rescission, two for each of them in each loan package.

20. On or about November 2007, Plaintiff's became unable to repay the mortgage loans.

21. On or about March 2008, Plaintiffs received a Notice of Default from COUNTRYWIDE.

22. On or about May 1, 2009, Plaintiffs, by and through their attorney, began negotiating a short-refinance or modification with defendants COUNTRYWIDE and HOMECOMINGS.

23. On or about

24. On or about July 2, 2009, Plaintiffs mailed a letter of rescission to COUNTRYWIDE, HOMECOMINGS, GMAC and SCME.

### FACTS RELATING TO THE KNOWLEDGE AND FRAUDULENT INTENT OF THE BROKER AND LENDER

25. "Option ARM" loans allowing minimum payments that create negative amortization were originally designed for high-income individuals whose income fluctuates, or whose income is expected to increase significantly within a few years, and/or where they intend to sell the property within a short time in a rising real estate market.

26. The "option ARM" loan product has been criticized as a "trickle down finance" product, which is simply inappropriate for lower income or sub-prime borrowers. Like hedge funds, "option ARM" loans are financial "tools for the wealthy" that are "disastrous" for the average consumer. (Chris Farrell, "*The Straight Story*," National Public Radio, Marketplace program aired 10/20/06).

27. The "option ARM" has been further criticized as "the most complicated mortgage product ever marketed to consumers . . . ." (*Id.*)

28. The "option ARM" loan product is completely inappropriate for a person with low income that is not expected to increase, such as Plaintiffs, because the monthly minimum payment (which may be affordable in the early months or years of the loan), results in negative amortization. Once the balance of principal and accrued interest reaches 115% (in the instant matter) of the original loan amount, the

/ / / / /

Acidera v. SCME Mortgage Bankers, et al.
Plaintiff's Complaint for Rescission, Declaratory and Injunctive Relief, Damages

5

monthly payments are adjusted to eliminate the negative amortization, increasing rapidly far beyond the borrowers' ability to pay.

### ADDITIONAL FACTS RELATING TO MORTGAGE BROKER LIABILITY

29. At all times relevant, Defendant Doe One was acting on behalf of SCME as a loan officer and agent, with actual and apparent authority to communicate and transact business with Plaintiff on behalf of SCME, and to communicate with lenders on behalf of SCME and Plaintiff.

30. Defendant DOE ONE and SCME held themselves out as having superior knowledge and skill as mortgage brokers to provide information regarding various available loan products, and as being trustworthy.

31. Plaintiffs reasonably relied on Defendant DOE ONE and SCME to act on their behalf in connection with their loan application and to provide them with full and accurate information regarding available loan terms.

32. At all relevant times, SCME was acting as Plaintiffs' agent for the purpose of applying for and obtaining a mortgage loan on the best available terms.

33. Furthermore, Defendant DOE ONE knowingly misrepresented the concept of an "option ARM" and failed to disclose to Plaintiff that the "minimum payment" could increase exponentially and would not amortize the loan.

### COUNT I – VIOLATION OF THE TRUTH IN LENDING ACT

34. At all relevant times, Defendants DOE ONE and SCME violated the Federal Truth in Lending Act by failing to disclose Plaintiffs' rights to rescind the transaction and violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiffs two copies each of a completed Notice of the Right to Rescind among other violations.

35. At all relevant times, said violations were material in nature.

36. Based on the alleged violations of the TILA, Plaintiffs right to rescind was extended pursuant to Regulation Z § 226.23(h).

/ / / / /

Acidera v. SCME Mortgage Bankers, et al.
Plaintiff's Complaint for Rescission, Declaratory and Injunctive Relief, Damages

6

37. Based on the alleged violations of the TILA, Plaintiffs hereby rescind the contracts with Defendants COUNTRYWIDE and GMAC.

38. Based on the alleged violations of the TILA, Plaintiffs hereby seek recoupment pursuant to state and federal law.

WHEREFORE, PLAINTIFFS pray that this Court enter judgment in their favor and against Defendants DOE ONE, SCME, COUNTRYWIDE, HOMECOMINGS and GMAC and declare that the contract is rescinded; that Plaintiffs are entitled to recoupment; award actual damages; award Plaintiffs the costs of this suit; and grant such other or further relief as the Court deems appropriate.

## COUNT II – UNCONSCIONABILITY - PREDATORY LENDING

39. Plaintiff incorporates paragraphs 1- 38 above by reference herein.

40. As set forth in detail above, the loan provided by Defendants to Plaintiffs, with its hidden exploding monthly payment and negatively amortizing balance, is utterly improvident and inappropriate, in that Plaintiff will never have the financial ability to repay it according to its terms.

41. In light of the relative position and sophistication of the parties, the subject loan agreement is so one-sided that it is unconscionable under the circumstances existing at the time of the making of the contract.

42. No person acting with full knowledge and not under duress would have agreed to the terms of the loan agreement signed by Plaintiffs.

43. Under the circumstances, Plaintiffs did not have the sophistication, opportunity or ability to negotiate the terms of the subject loan.

44. As a result of the conduct of Defendants DOE ONE and SCME and their superior positions as lender and broker with knowledge of all the facts relating to the transaction, compared to Plaintiffs' position, trust and level of sophistication, all of which were known to these defendants at the time, these defendants took a grossly oppressive and unfair advantage over Plaintiffs in the transaction.

45. As a result of being unconscionable, the contract is void.

46. Plaintiffs suffered actual damages as a direct result of defendants' conduct.

Acidera v. SCME Mortgage Bankers, et al.
Plaintiff's Complaint for Rescission, Declaratory and Injunctive Relief, Damages

7

WHEREFORE, PLAINTIFFS pray that this Court enter judgment in their favor and against Defendants DOE ONE, SCME, COUNTRYWIDE, HOMECOMINGS and GMAC and declare that the contract is void for unconscionability; award actual damages; award punitive damages in an amount sufficient to deter defendants and others from engaging in such unconscionable conduct in the future; award Plaintiffs the costs of this suit; and grant such other or further relief as the Court deems appropriate.

### COUNT III – UNFAIR AND DECEPTIVE PRACTICES

44. Plaintiff incorporates paragraphs 1- 43 above by reference herein.

45. Plaintiff alleges that Defendants' actions were unfair and deceptive in nature and intended to take advantage of Plaintiffs and intended to result in pecuniary gain to Defendants in violation of California and federal UDAP statutes.

WHEREFORE, PLAINTIFFS pray that this Court enter judgment in their favor and against Defendants DOE ONE, SCME, COUNTRYWIDE, HOMECOMINGS and GMAC and award actual damages; award punitive damages in an amount sufficient to deter defendants and others from engaging in such unfair and deceptive practices in the future; award Plaintiffs the costs of this suit; and grant such other or further relief as the Court deems appropriate.

### COUNT IV - BREACH OF FIDUCIARY DUTY

46. Plaintiff incorporates paragraphs 1-45 above by reference herein. This Count is brought against Defendants DOE ONE and SCME.

47. In agreeing to act as Plaintiffs' exclusive broker for the purpose of advising and assisting them in obtaining a mortgage loan, defendants undertook the duties of a fiduciary for Plaintiff.

48. Defendants breached their fiduciary duties to Plaintiffs by making false representations and deceptive omissions, imposing excessive and unconscionable fees, and advising Plaintiffs to accept an unconscionable, improvident, and costly loan while providing them with no economic benefit whatsoever.

49. Plaintiffs suffered actual damages as a result of defendants' breach of fiduciary duties.

Acidera v. SCME Mortgage Bankers, et al.
Plaintiff's Complaint for Rescission, Declaratory and Injunctive Relief, Damages

8

50. Defendants' conduct was intentional and done for purposes of pecuniary gain, and without regard for Plaintiffs' rights. Therefore, substantial punitive damages are warranted.

WHEREFORE, PLAINTIFF requests that the Court enter judgment in his favor and against Defendants DOE ONE and CFIC Home Mortgage, and award the following relief: actual damages, including but not limited to full disgorgement of all fees received by Defendants, punitive damages, costs of suit, and such other and further relief as the Court deems appropriate.

## COUNT V - COMMON LAW FRAUD

51. Plaintiff incorporates by reference paragraphs 1-50 above by reference herein.

52. Defendants made the following misrepresentations, among others: (a) that the "minimum" payment was an interest-only payment that would not result in negative amortization, (b) that the interest rate would be fixed, (c) that the loan was a "better" loan than Plaintiff's original purchase money loans and that Plaintiffs could refinance into an even better loan in a year, which defendants knew or should have know was precluded or limited by the three-year prepayment penalty. Defendants knew their representations and omissions were false and misleading at the time they were made.

53. Defendants made the false representations and deceptive omissions intentionally in order to deceive Plaintiffs and to fraudulently induce them to enter into the transaction.

54. Plaintiffs reasonably relied on Defendants' false representations and deceptive omissions, and was in fact induced to enter into the transaction to their severe detriment.

55. Defendants' conduct was intentional and egregious, warranting substantial punitive damages to punish defendants and to deter them and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against the defendants and award the following relief: actual, consequential and punitive damages; costs of suit; and such other or further relief as the Court deems appropriate.

/ / / / /

/ / / / /

/ / / / /

Acidera v. SCME Mortgage Bankers, et al.
Plaintiff's Complaint for Rescission, Declaratory and Injunctive Relief, Damages

9

### COUNT VI – BREACH OF CONTRACT, VIOLATION OF THE DUTIES OF GOOD FAITH AND FAIR DEALING

56. Plaintiff incorporates by reference paragraphs 1-55 above by reference herein.

57. At all times hereinmentioned, Defendants COUNTRYWIDE, HOMECOMINGS and GMAC as successors in interest to the loan contracts were bound by the duty of good faith and fair dealing implied in every contract.

58. Defendants breached this duty by failing and continuing to fail to fully disclose all material aspects of the subject loans.

59. Defendants breached this duty by failing and continuing to fail to fully disclose Plaintiffs' rights under TILA and failing to property provide notice requirements under TILA.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against the defendants and award the following relief: actual, equitable, consequential and punitive damages; costs of suit; and such other or further relief as the Court deems appropriate.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE** to the non-judicial foreclosure action pending against Plaintiffs in Alameda County, Plaintiffs re-allege and incorporate each and every allegation as though fully set forth herein.

Dated: July 3, 2009

THE LAW OFFICES OF DEBORAH J. PIMENTEL

Deborah J. Pimentel
Attorney for Plaintiffs Daniel C. Acidera and
Leonarda Acidera

Acidera v. SCME Mortgage Bankers, et al.
Plaintiff's Complaint for Rescission, Declaratory and Injunctive Relief, Damages